UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20303-RNS(s)

**UNITED STATES OF AMERICA**

vs.

**PEDRO CEBALLOS JAIME,**

    **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and the defendant, Pedro Ceballos Jaime ("CEBALLOS"), hereby agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt as to Count One of the superseding indictment, which charges him with conspiracy to import a controlled substance into the United States, in violation of Title 21, United States Code, Sections 952(a) and 963.

1. On or about April 16, 2019 a package sent from China to Miami, Florida was stopped for inspection by Customs and Border Protection ("CBP") officers. The package was selected for a border search and the officers uncovered a controlled substance that was later confirmed to be one (1) kilogram of eutylone, a positional isomer of pentylone, which is a Schedule I controlled substance. The package was addressed to co-defendant Yanielys Garcia at 490 East 43rd Street, Hialeah, Florida (the "490 Residence").

2. On or about April 25, 2019, in a controlled operation, law enforcement delivered the package to the 490 Residence. Defendant CEBALLOS resided at the home and accepted the package. CEBALLOS opened the package and then fled from the 490 Residence.

3. Soon thereafter, Garcia arrived at the 490 Residence to retrieve the package.

Garcia admitted that she had ordered the package on behalf of co-Defendant Lazaro Galvan, who was currently in state prison in Florida. She permitted law enforcement to review her cell phone, which confirmed that she had purchased or tracked at least two additional packages, which she said were all destined for Galvan.

4. Her cell phone also included text communications with another co-conspirator, Rupert Johnson. In the text messages, Garcia and Johnson sent pictures of crystal-like MDMA substances similar to the kilogram of eutylone first secured by CBP. They also shared information for tracking packages sent to addresses in South Florida.

5. Law enforcement then obtained a federal search warrant to search Johnson's residence. There, law enforcement recovered proof of two additional packages sent from China to the United States at Johnson's direction. Johnson cooperated with law enforcement and provided information that he met with CEBALLOS 6-7 times, both at Johnson's house and CEBALLOS' house. He informed that CEBALLOS accepted packages from him or on other occasions CEBALLOS provided money to him. Each of their meetings was to conduct business with the understanding that narcotics would be smuggled into Galvan's prison facility.

6. Garcia also cooperated with law enforcement. She stated that CEBALLOS introduced her to both Galvan and Johnson and that CEBALLOS provided money to Galvan so that drugs could be purchased from China. Garcia's statement is corroborated by an email between her and Galvan from April 16, 2019 where Galvan is hopeful to clear his debt with CEBALLOS. During the search of the 490 Residence, law enforcement found CEBALLOS' ledger that listed money owed to CEBALLOS, including $4,750.00 from Lachy, a/k/a Galvan.

7. CEBALLOS was a member of the conspiracy assisting Garcia, Johnson, and Galvan smuggle MDMA-type substances into Galvan's prison. It was foreseeable to

2

CEBALLOS that three kilograms of an illegal controlled substance were imported from China into the United States and CEBALLOS knowingly and willfully acted to monitor the packages arrival and finance the importation of the illegal controlled substances from China into the United States, in furtherance of the conspiracy.

These events occurred in Miami-Dade County in the Southern District of Florida, and elsewhere. The Parties agree that these facts, which do not include all of the facts known to the United States and to the Defendant, are sufficient to prove the guilt of the Defendant as to Count One of the above-referenced superseding indictment. Defendant further agrees that this Factual Proffer has been translated for him from English into Spanish.

Date: 9/13/19

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
CARY O. ARONOVITZ
ASSISTANT UNITED STATES ATTORNEY

Date: 9/13/19

By: _____
DAVID S. MARKUS
ATTORNEY FOR DEFENDANT

Date: 9/13/19

By: _____
PEDRO CEBALLOS JAIME
DEFENDANT

3